# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**EDDIE L. BARRON, JR.,**

    **Plaintiff,**

**vs.**                                             **Case No. 4:23cv092-MW-MAF**

**LEON COUNTY JAIL, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

In August, a mail return was received, ECF No. 11, showing that mail sent from the Court to Plaintiff Eddie Barron at Walton Correctional Institution was returned because Plaintiff had "been released from DOC custody." *Id.* An Order was entered on August 21, 2023, noting Plaintiff initiated this case as a pro se prisoner. He had filed a letter, ECF No. 1, which was construed as a "complaint," and an Order was entered on March 8th, requiring Plaintiff to either pay the filing fee or submit an in forma pauperis motion. ECF No. 3. Plaintiff was also required to file a proper complaint on the Court form as required by the Local Rules of this Court. *Id.*

Subsequently Plaintiff sent multiple letters to the Court requesting extensions of time. ECF Nos. 4, 6, and 9. Plaintiff's requests were granted, ECF Nos. 5, 7, and 10. During this period of time, it was discovered that Plaintiff had been released from prison, although Plaintiff never filed a notice of address change.[1] Orders directing Plaintiff to update his address with the Court were unsuccessful. ECF No. 3 at 6; ECF No. 5 at 4; ECF No. 7 at 4; ECF No. 8 at 3; ECF No. 10 at 4; ECF No. 12 at 5. Those Orders were sent to Plaintiff at the address discovered by the Court to ensure Plaintiff received them, even though they were also sent to Plaintiff at his official address of record - Walton Correctional Institution.

At this point, Plaintiff has not complied with any of those Orders. Plaintiff has not paid the filing fee or filed a proper in forma pauperis motion. Plaintiff also has not filed a proper complaint.

The Orders which were directed to be sent to Plaintiff at his address in Tallahassee have not been returned to the Court as undeliverable. It must be presumed that Plaintiff received them. It must also be presumed that Plaintiff has abandoned this litigation because his final extension of

---

[1] Plaintiff provided an address where he said he would reside after being released from prison - 1417 Colorado Street in Tallahassee. ECF No. 4 at 1.

time - **September 8, 2023** - has now passed. Plaintiff was informed if he did not comply by that deadline, this case would be dismissed without prejudice. ECF No. 12. This case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to

dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and did not respond to a Court Order.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court must send this Order to Plaintiff at the address previously noted on a prior mailing envelope: 1417 Colorado Street, Tallahassee, Florida 32304.

2.  Should Plaintiff receive this Order and desire to proceed, he must file a motion for reconsideration no later than **October 5, 2023,** which also presents good cause for his failure to comply with prior Orders.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2023.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**